UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*******************************
Jack Cocchiarella and            *
Politically Correct Strategies, LLC *
    Plaintiffs             *
                             *
v.                               *  Case No. 1:22-cv-00367-SE
                             *
Nathan Kim                       *
    Defendant              *
*******************************

## MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION

NOW COMES the defendant Nathan Kim, by and through his attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the within Memorandum of Law in Support of Objection to Motion for Preliminary and Permanent Injunction, stating as follows:

**I.  Introduction**

The Court should deny the plaintiffs injunctive relief primarily because they cannot succeed on their claims.  Mr. Kim has immunity under Section 230 of the Communications Decency Act of 1996 (the "CDA") for each of the plaintiffs' State law claims because: 1.) each of the plaintiffs' claims involves the defendant's conduct as the user of an "interactive computer service," specifically Twitter; 2.) each claim involves information originating from posters other than Mr. Kim (other "information content providers") on "interactive computer services" such as Librex and Twitter; and 3.) each claim treats Mr. Kim as the publisher or speaker of such information originating from other "information content providers."  John Doe No. 1 v. Backpage.Com, LLC, 817 F.3d 12, 19 (1st Cir. 2016); Universal Communication Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 418 (1st Cir. 2007).

1

The plaintiffs cannot show any likelihood that they will succeed on the merits, nor can they show the other criteria necessary for the drastic injunctive relief they seek. Media articles, and social media posts from divers posters other than Mr. Kim, report the subject sexual assault allegations against Mr. Cocchiarella. Those articles and posts will remain, regardless of whether Mr. Kim's speech is enjoined, precluding any showing of irreparable harm. Moreover, the drastic relief sought by the plaintiffs amounts to a prior restraint on Mr. Kim's speech, requiring a level of constitutional scrutiny that the plaintiffs have not even tried to show they could ever meet, such that they cannot show that the balance of harms tips in their favor, nor can they show that the relief they seek promotes any public interest.

The Court should therefore deny the plaintiffs any injunctive relief, as more fully set forth below.

II.   **Facts**

Rape allegations against Mr. Cochiarella appeared in posts on an Ivy League discussion forum, Librex, in the fall of 2021, as the plaintiffs admit. Complaint at ¶¶35-36. The authors of the posts reported that Mr. Cocchiarella had raped them, as one such author claimed in the post quoted below.

> Okay so since everyone is talking about JC '25 here, im gonna post my experience with him.
>
> To everyone wondering, im one of his victims. He raped me while I was unconscious in my room. I had told him previously that day that I under no circumstances wanted to have sex w him. I said no. I was partying with friends and got a bit too hammered, but I thought to be safe that I should go to my room and just sleep. By the time I made it to my room i passed out. He knew where I lived and came in like half an hour later and raped me. I can only remember bits and pieces cuz I was really crossed. I had a bad habit of never locking my door but I didn't think to cuz I was in my room yk? Like who was gonna just walk in. But he did unfortunately. I was referred to by a friend to a sexual assault specialist (therapist) cuz I kept having panic attacks in public and after several sessions talking it out she told me to go to title IX cuz I was finally able to talk

> about it without shaking.  When I reported him to title IX, they told me they were incredibly familiar with him and that he has a no-contact order from one girl.  Apparently the department has been talking about him a lot recently.  So yeah, I couldn't move, i said no, and he just raped me and walked out when he was done.  I didn't go to the police cuz by the time I was ready to report thered be no forensic or text evidence.  I know one other girl hes raped, and several others he sexually assaulted in ways that weren't sex.  Hes known to grope girls in frat basements and even public.  Hes banned from every frat.  So yeah, that's my story w him, im the one that posted the og story on the dart thread, wanted to warn others of him.  Unfortunately he hasn't been expelled.  Anyways, I now lock my door before I sleep.  So no, this isn't some elaborate scheme by the college republicans to ruin his rep, im an actual person who he raped while I was unconscious and SAID NO.  I now have to get therapy just so I don't break down in the middle of campus.  F**k him.  (I posted this under another post about him but thought id repost to the general thread.).

Exhibit A.

Mr. Kim first tweeted about the rape allegations against Mr. Cocchiarella contained in Librex posts in a November 21, 2021, tweet, according to the Complaint.  Complaint at ¶46a.  Importantly, Mr. Kim attached text from a Librex post to the tweet and communicated no information not contained in the Librex post in his tweet.  Id.  In the Librex post, the author addressed rape allegations directly to Mr. Cocchiarella.  Exhibit B.  The full Librex post cited by Mr. Kim but not authored by him follows:

> I cannot tell if that post was about me or another girl you assaulted, but if its about another girl then that's not my problem.  I wasn't with you the whole night.  U were sober, I was passed out in my bed.  It was my first interaction u that whole night.  We weren't drinking together, i was partying with friends.  I did NOT consent.  I told you before that I DID NOT WANT TO HAVE SEX WITH YOU UNDER ANY CIRCUMSTANCES.  I SAID NO.  I told you this, but while i was passed out in bed, you raped me.  I couldn't fight back against you.  I couldn't speak because I was too f***ed up and in shock.  I can only remember bits and pieces.  Again, in ur post she said "she withdrew consent" so maybe thats about another girl cuz i never gave consent to begin with.  I TOLD YOU NO BEFORE.  Also title IX didn't reject my accusation, they actually told me "they were very familiar with you" because a few other girls had reported you.  Stop f***ing lying.  I am now seeing a sexual assault therapist because of the trauma you gave me.  Again, if that post was about another girl then thats not my business, but dont make it seem like that's the only accusation.  I have yet to make an individual post on librex, but reading that post made me so mad so here I am.  You raped me

3

>while I was at my weakest. I told you no earlier and you disregarded that. F**k you, u piece of s**t.

Exhibit B (emphasis in original).

A July 28, 2022, tweet from Dartmouth Democrats confirmed that, "Jack was asked to leave the club in late October 2021, following campus-wide allegations of sexual assault. This is the extent to which we will comment at the moment." Exhibit C. The *Washington Free Beacon* (Exhibit D) and *NH Journal* (Exhibits E and F) reported on this tweet, even though Dartmouth Democrats at some point deleted it.

Many Twitter posters other than Mr. Kim have commented on rape allegations against Mr. Cocchiarella. As early as December of 2021, individuals other than Mr. Kim posted that Mr. Cocchiarella faced eight (8) rape allegations after his first semester at Dartmouth.

>"Hey, Marcus, what are you going to do about your intern Jack Cocchiarella who is facing eight SA/rape allegations and ongoing title ix investigation at Dartmouth College?" 12/15/21 tweet from @nick__premiere replying to @Marcus$Georgia. Exhibit G.
>
>"Or the outrage when you r*ped 8 women in one semester at Dartmouth?" 12/17/2021 tweet from @thisisterriboo replying to @JDCocchiarella. Exhibit H.

Mr. Kim did not tweet any allegations about Mr. Cocchiarella facing eight (8) different rape accusations until eight (8) months after these tweets. Complaint at ¶46l.

Media articles—and many other online sources bearing no connection to Dartmouth College sophomore Nathan Kim—report grave sexual misconduct allegations against the plaintiff Cocchiarella. In an August 9, 2022, article, the *Washington Free Beacon* reported that, "on July 28 [2022], [Dartmouth's] College Democrats chapter revealed it ousted Cocchiarella from the club 'in late October 2021, following campus-wide allegations of sexual assault.'" Exhibit D. The headline of the *Washington Free Beacon* article reads, "Top DeSantis Challenger Paid Thousands to Gen Z Liberal Activist Facing 'Campus-Wide Allegations of Sexual Assault':

4

Florida Democrat Charlie Crist hired Jack Cocchiarella after college Dems chapter ousted young activist over troubling allegations." Id. The *Washington Free Beacon* article relies on the Dartmouth College Democrats statement as its source and derives nothing from Mr. Kim. Id.

A female Dartmouth student alleged that Mr. Cocchiarella stalked and sexually assaulted her, according to an August 11, 2022, *NH Journal* article that, again, obtained no information from Mr. Kim. Exhibit E. The female student "told the *Journal* that Cocchiarella groped her on one occasion and attempted to touch her on several other occasions before she reported him to the school's Title IX office," the article states. Id. "She said Cocchiarella was friendly at first, but his behavior turned into stalking over a few weeks." Id. "His actions became progressively more inappropriate." Id.

"What was scary is he said a lot of really misogynistic things," the woman said, according to *NH Journal*. Id.

According to the *NH Journal* article: "*NHJournal* verified [that Dartmouth College] disciplined [Mr. Cocchiarella] for at least one instance of allegedly abusive behavior. *NHJournal* spoke to an alleged victim who provided documents about the incident, including a letter warning Cocchiarella that he could be suspended for violating the school's Sexual and Gender-based Misconduct Policy." Id.

An August 26, 2022, *NH Journal* article (Exhibit F casts doubt upon Mr. Cocchiarella's assertion that he supposedly "has *never* been the subject of a civil suit or Title IX investigation." Complaint at §6 (emphasis in original). *NH Journal* reports that it has possession of a letter from Dartmouth's Title IX office detailing sexual harassment allegations against Mr. Cocchiarella, "hand(ing) down a form of discipline against Cocchiarella and threaten(ing) him with further action." Exhibit F. "Cocchiarella's signature is on the letter obtained by *NH Journal*," the

article states.  Id.  "The woman who complained to Dartmouth's Title IX office about Cocchiarella's sexual harassment said this week she could not believe Cocchiarella is persisting in denials, calling them ridiculous."  Id.

> "I honestly am speechless about it all," the woman said.  "Also, very interesting they're claiming that Dartmouth has no record of a Title IX investigation as that is so categorically untrue."

Id.

### III. Argument

#### A. Standard Of Review

"A preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right."  Doe v. Trustees of Dartmouth College, 2022 DNH 049P, 3.  "To obtain a preliminary injunction, a plaintiff must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of a preliminary injunction, (3) the balance of hardships tips in the plaintiff's favor, and (4) public interest favors an injunction."  Id. at 3-4.

#### B. Mr. Kim Has Immunity From All The Plaintiff's Claims So The Plaintiff Cannot Show A Likelihood Of Success On The Merits.

The Court should find the plaintiff's claims barred by Section 230 of the Communications Decency Act of 1996 (CDA).  47 U.S.C. §230 (c)(1) "shields conduct if the defendant (1) is a provider or user of an interactive computer service; (2) the claim is based on information provided by another information content provider; and (3) the claim would treat the defendant as the publisher or speaker of that information."  Jane Doe No. 1 v. Backpage.com, LLC, 817 F.3d 12, 19 (1st Cir. 2016).  As the First Circuit has held, "section 230 liability should be broadly construed."  Universal Communication Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 419 (1st Cir. 2007).

6

State law claims that are inconsistent with Section 230 immunity are barred. "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with" Section 230 immunity. 47 U.S.C. §230 (e ) (3); Lycos, 478 F.3d at 418.

All three (3) elements triggering Section 230 immunity are present here, entitling Mr. Kim to immunity.

### 1. The Plaintiffs' Claims Against Mr. Kim Arise From Mr. Kim's Conduct As The User Of An Interactive Computer Service.

The plaintiffs' allegations against Mr. Kim concern Mr. Kim's Twitter posts. Complaint at ¶45 (the plaintiff's allegations against Mr. Kim involve Mr. Kim's use of his Twitter accounts). The plaintiff's claims therefore concern Mr. Kim's conduct as a "user of an interactive computer service." Mezey v. Twitter, Inc., 2018 WL 5306789 at *1 (S.D.Fla. July 19, 2018) ("First, Twitter—as a platform that transmits, receives, displays, organizes, and hosts content—is an interactive computer service."); Brittain v. Twitter, Inc., 2019 WL 2423375 at *2 (N.D.Cal. June 10, 2019) ("The Court finds that Twitter qualifies as an interactive computer service."); 47 U.S.C. §230 (f)(2) (defining "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server."). Mr. Kim's status as a Twitter uses satisfies the first prong of the test for Section 230 immunity.

### 2. The Plaintiffs' Claims Concern Information Provided By Information Content Providers Other Than Mr. Kim.

The plaintiffs' claims are based on information provided by other information content providers—not by Mr. Kim—as the plaintiff admits. Rape allegations against Mr. Cocchiarella surfaced in the fall of 2021 with posts about Mr. Cocchiarella appearing on Librex, "an anonymous discussion platform frequented by Dartmouth and other Ivy League students."

7

Complaint at ¶35.  Mr. Kim based his social media posts on these Librex posts from other information content providers, as the plaintiffs acknowledge.  Id. at ¶106 ("Kim based his False Statements and Lies on anonymous postings on the Librex platform.").

Like Twitter, Librex constituted an "interactive computer service" within the meaning of 47 U.S.C. §230(f)(2); Wilson v. Twitter, Inc., 2020 WL 3410349 at *11 (S.D.W.Va. May 1, 2020) ("The prototypical service qualifying for this statutory immunity under §230 (c )(1) is an online messaging board (a bulletin board) on which internet subscribers post comments and respond to comments posted by others.").

The authors of the Librex posts (accusing Mr. Cocchiarella of raping unconscious women) constitute "information content providers" within the meaning of 47 U.S.C. §230 (f)(3).  The statutory definition of "information content provider" is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."  47 U.S.C. §230 (f)(3).  "[I]ndividual posters" on an Internet message board constitute "information content providers," as the First Circuit has specifically held.  Lycos, 478 F.3d at 419.

Similarly, the authors of the December, 2021, Twitter posts, alleging that Mr. Cocchiarella had eight (8) accusers, fall within the definition of "information content providers" as posters on an Internet message board.

The plaintiffs' claims against Mr. Kim therefore concern information provided by information content providers other than Mr. Kim.  Each claim attributes to Mr. Kim publication of allegations that Mr. Cocchiarella raped unconscious women and had eight (8) accusers.  Complaint at ¶4.  This information derived from Librex and Twitter posts originating from other posters, not from Mr. Kim.

### 3. Each Of The Plaintiffs' Claims Treats Mr. Kim As The Publisher Of The Allegations That Mr. Cocchiarella Raped Unconscious Women And Had Eight (8) Accusers.

The plaintiffs' claims treat Mr. Kim as the publisher or speaker of information provided by <u>other information content providers</u>, entitling Mr. Kim to Section 230 immunity. Mr. Kim's posts convey two (2) messages: (1) that Mr. Cocchiarella raped unconscious girls; and (2) that Mr. Cocchiarella had eight (8) accusers. Complaint at ¶4. This information originated with other information content providers on Librex and Twitter, not Mr. Kim.

Mr. Kim's original November 17, 2021, post, his December 4, 2021, post and his December 15, 2021, post all contain screenshots of the Librex posts from which Mr. Kim derived the information that Mr. Cocchiarella raped unconscious women. Complaint at ¶¶46a, e and h; Exhibits A and B.

The allegation that Mr. Cocchiarella had eight (8) accusers appeared on Twitter in posts from other information content providers as early as December of 2021, eight (8) months before Mr. Kim posted such information on August 16, 2022. Complaint at §46l; Exhibits G and H.

As was true in a First Circuit case affirming a dismissal under Fed.R.Civ.P. 12(b)(6) based on CDA immunity, "third party content is like Banquo's ghost: it appears as an essential element of each and all of [the plaintiffs'] claims." <u>Backpage.Com, LLC</u>, 817 F.3d at 22. Each of the plaintiffs' State law claims (his claims for defamation, intentional infliction of emotional distress, false light invasion of privacy, and intentional interference with economic interests) is barred by Section 230 because each claim treats Mr. Kim as the publisher of information originating from third party content authored by other information content providers.

9

In the Complaint at paragraph 73, the plaintiff alleges as an essential element of his defamation claim that Mr. Kim published that Mr. Cocchiarella raped unconscious girls and that he had eight (8) accusers.

In the Complaint at paragraphs 94-96, the plaintiff alleges that Mr. Kim's conduct in publishing allegations that Mr. Cocchiarella raped unconscious girls and had eight (8) accusers constituted extreme and outrageous conduct as an essential element of the plaintiff's intentional infliction of emotional distress claim.

In the Complaint at paragraphs 104-105, the plaintiff alleges that Mr. Kim placed Mr. Cocchiarella in a false light by publishing that the plaintiff raped unconscious girls and that he had eight (8) accusers, as an essential element of his false light claim.

In the Complaint at paragraph 114, the plaintiff alleges "Kim's continued slandering and defamation of [the plaintiff's] reputation with the publication" of allegations that Mr. Cocchiarella raped unconscious girls and had eight (8) accusers as an essential element of the plaintiff's intentional interference with economic interests claim.

Because the plaintiffs' claims "necessarily treat [Mr. Kim] as the publisher or speaker of content supplied by third parties," the Court should find Mr. Kim immune from liability under the CDA and dismiss the claims. Backpage.com, LLC, 817 F.3d at 22

### C. Mr. Cocchiarella Meets None Of The Other Requirements For Injunctive Relief.

While the Court should deny Mr. Cocchiarella injunctive relief on the grounds that he will not succeed on his claims, he also fails to meet the other requirements for injunctive relief.

Mr. Cocchiarella cannot show that irreparable harm will somehow befall him if the injunction is not granted. Media articles describing sexual assault allegations against Mr.

Cocchiarella, and social media from other posters on the same subject matter, will remain even if injunctive relief were entered against Mr. Kim.

The balance of harms does not favor the plaintiffs, nor does the public interest. The injunctive relief sought here seeks to restrict Mr. Kim's speech. "There is a strong presumption that prior restraints on speech are unconstitutional." Sindi v. El-Moslimany, 896 F.3d 1, 31 (1st Cir. 2018). "So drastic a remedial device may only be imposed when it furthers 'the essential needs of the public order.'" Id. at 32. "In the last analysis, a party who seeks a remedy in the form of a prior restraint must establish that the 'evil that would result from' the offending publication is 'both great and certain and cannot be mitigated by less intrusive measures.'" Id. "Consequently, a prior restraint on speech must survive the most exacting scrutiny demanded by our First Amendment jurisprudence." Id. The plaintiffs have not even attempted to show that he could somehow meet this burden.

### IV.    Conclusion

The Court should deny the plaintiff any injunctive relief.

Respectfully submitted,<br>
NATHAN KIM<br>
By his attorneys,<br>
DOUGLAS, LEONARD & GARVEY, P.C.

Date: October 3, 2022     By:     /s/ Benjamin T. King
Benjamin T. King, NH Bar #12888
14 South Street, Suite 5
Concord, NH 03301
(603) 224-1988
benjamin@nhlawoffice.com

11

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing was electronically served through ECF to all counsel of record on this date.

/s/ Benjamin T. King  
Benjamin T. King
