UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
*****************************
Jack Cocchiarella and              *
Politically Correct Strategies, LLC *
     Plaintiffs                     *
                                    *
v.                                  *     Case No. 1:22-cv-00367-SE
                                    *
Nathan Kim                          *
     Defendant                      *
*****************************
```

### DEFENDANT'S SURREPLY MEMORANDUM OPPOSING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

NOW COMES the defendant Nathan Kim, by and through his attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the within Surreply Memorandum, stating as follows:

**The Court Should Deny The Plaintiffs Injunctive Relief Because They Have Failed to Prove Any Likelihood of Success on the Merits.**

"The party seeking the preliminary injunction bears the burden of establishing" its entitlement to injunctive relief. Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006). "[T]he likelihood of success on the merits is the 'sine qua non of a preliminary injunction analysis.'" Naser Jewelers, Inc. v. City of Concord, NH, 2007 DNH 081, 5 n. 3 (quoting SEC v. Fife, 311 F.3d 1, 8 (1st Cir. 2002)). A movant's failure to demonstrate likelihood of success on the merits in and of itself prevents the movant from obtaining injunctive relief. Bayley's Campground, Inc. v. Mills, 985 F.3d 153, 158 (1st Cir. 2021) ("we begin and end our analysis with the likelihood of success on the merits, as we agree with the district court that the plaintiffs failed to meet their burden to satisfy it, and a failure to do so is itself preclusive of the requested relief.").

1

"The Court may rely on otherwise inadmissible evidence, including hearsay, in deciding a motion for preliminary injunction." Shea v. Ditech Financial, LLC, 208 F.Supp.3d 380, 382 (D.Mass. 2016). The Court may also rely on "uncontroverted affidavits." Id. The Court need only "accept as true well-pleaded allegations in the Complaint." Id The Court thus need not consider Complaint allegations that are conclusory or speculative. InSync Training, LLC v. Am. Society for Training and Development, Inc., 2022 DNH 055, 3 (quotations omitted) ("Well-pleaded facts must be non-conclusory and nonspeculative.").

The plaintiffs cannot show a likelihood of success on the merits, dooming their quest for injunctive relief. Pursuant to the principle that the Court may consider inadmissible evidence in ruling on a motion for injunctive relief, the Court should consider that: a.) a woman reported Mr. Cocchiarella to Dartmouth's Title IX office for sexually assaulting her, according to *NH Journal*[1]; b.) Dartmouth issued Mr. Cocchiarella a letter warning him that he could be suspended for violating Dartmouth's Sexual and Gender-based Misconduct Policy, according to *NH Journal*[2]; c.) the student organization Dartmouth Democrats asked Mr. Cocchiarella to leave the organization in October of 2021, "following campus-wide allegations of sexual assault," according to a "Dartmouth Democrats" tweet[3], the *Washington Free Beacon*[4] and *NH Journal*[5]; and d.) posts not authored by Mr. Kim on an Ivy League discussion forum in the fall of 2021 accused Mr. Cocchiarella of raping unconscious women; and e.) tweets posted in December of 2021 by persons other than Mr. Kim stated that Mr. Cocchiarella faced eight (8) rape allegations at Dartmouth.

---

[1] Objection to Motion for Preliminary and Permanent Injunctive Relief at Ex. E
[2] Id.
[3] Id. at Ex. C
[4] Id. at Ex. D
[5] Id. at Ex. F

2

Mr. Kim has provided a sworn Declaration that the Court may consider stating that: a.) he did not author the above-referenced social media posts accusing Mr. Cocchiarella of raping unconscious women and of facing eight (8) rape allegations; b.) he has not served as a source for any of the news media articles about the sexual assault allegations against Mr. Cocchiarella; and c.) he derived the information that he posted about Mr. Cocchiarella on social media entirely from information supplied by other posters on social media. Exhibit A.

Mr. Kim's Declaration supports that he is entitled to 47 U.S.C. §230 immunity, such that the plaintiffs cannot succeed on the merits. Mr. Kim will be entitled to immunity if his social media posts only published information about Mr. Cocchiarella that other social media posters had already posted. Universal Communication Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 418 (1st Cir. 2007). Contrary to the plaintiffs' arguments, they cannot overcome Section 230 immunity by arguing that the posts based on which they would attribute liability to Mr. Kim constitute his "own speech." To lose immunity, a social media poster must have created or developed the alleged misinformation at issue. Id. at 420. Section 230 is tailored to the circumstances present here, to grant immunity to a user of an interactive computer service such as Mr. Kim who only repeats information provided by others.

The issue of Section 230 immunity aside, the plaintiffs still fall far short of providing likelihood of success on the merits. The plaintiffs cannot prevail if Mr. Kim's statements were "substantially true." Simpkins v. Snow, 139 N.H. 735, 740 (1995). Here, evidence tending to corroborate Mr. Kim's allegations already exists before the completion of any discovery, including: a.) the *NH Journal* article reporting that Mr. Cocchiarella groped a woman and that Dartmouth disciplined him; b.) the "Dartmouth Democrats" statement that there were "campus-wide allegations of sexual assault" against Mr. Cocchiarella in the fall of 2021; and 3.) social

media posts purportedly from Mr. Cocchiarella's victims accusing him of rape.  This evidence should preclude the Court from finding at this early stage of the case that Mr. Cocchiarella somehow has already proven that he will likely succeed in proving Mr. Kim's statements false.

Moreover, the plaintiffs cannot show that Mr. Kim acted with actual malice—as a public figure such as Mr. Cocchiarella with over 272,000 active followers should have to do in order to prove defamation.  Complaint at ¶33.  "The burden of proving malice is great; it must be proved by clear and convincing evidence."  8 New Hampshire Practice, Personal Injury: Tort and Insurance Practice §1.08 [4] (4th ed. 2015).  The plaintiffs' Complaint is devoid of non-conclusory allegations that Mr. Kim somehow acted with malice against Mr. Cocchiarella by repeating allegations made by other social media posters, precluding any finding that the plaintiffs will likely succeed on the merits.

Furthermore, an injunction would only survive constitutional scrutiny if it were somehow narrowly tailored to proscribe "false statements of fact made with actual malice."  Sindi v. El-Moslimany, 896 F.3d 1, 34 (1st Cir. 2018).  The plaintiffs have failed to propose such a narrowly drawn injunction, and indeed cannot do so, where they have not shown, by clear and convincing evidence or otherwise, that Mr. Kim acted with malice and where fact questions exist as to whether Mr. Kim's challenged statements were substantially true.

Finally, the plaintiffs have proffered only conclusory allegations that the Court should ignore in support of their claims that Mr. Kim's conduct somehow was the proximate cause of their alleged damages.  The plaintiffs have proffered no evidence, for example, to support their conclusory claim that any business associate of the plaintiffs stopped doing business with them because of anything Mr. Kim said.  To the extent any business associate of the plaintiffs stopped doing business with them due to the sexual assault allegations at issue, it is far more plausible

that such third parties learned of the allegations from *NH Journal* or the *Washington Free Beacon* (for which Mr. Kim was not a source) rather than from Mr. Kim.

The Court should deny the plaintiffs injunctive relief.

>
> Respectfully submitted,
> NATHAN KIM
> By his attorneys,
> DOUGLAS, LEONARD & GARVEY, P.C.

Date:  October 17, 2022      By:    /s/ Benjamin T. King
Benjamin T. King, NH Bar #12888
14 South Street, Suite 5
Concord, NH 03301
(603) 224-1988
benjamin@nhlawoffice.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically served through ECF to all counsel of record on this date.

/s/ Benjamin T. King
Benjamin T. King