UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*****************************
Jack Cocchiarella and                 *
Politically Correct Strategies, LLC   *
    Plaintiffs                       *
                                      *
v.                                    *     Case No. 1:22-cv-00367-SE
                                      *
Nathan Kim                            *
    Defendant                        *
*****************************

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES

NOW COMES the defendant Nathan Kim, by and through his attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the within Memorandum of Law in Support of Objection to Plaintiffs' Motion to Strike Affirmative Defenses, stating as follows:

### Introduction

The defendant's Statement of Affirmative Defenses provides the plaintiffs fair notice of defenses that at least potentially will succeed, warranting denial of the plaintiffs' Motion to Strike.

### Argument

**The Court Should Deny The Motion to Strike Because The Defendant Has Provided The Plaintiffs Fair Notice of the Defenses Involved—No More Is Required At This Stage.**

This Court has noted that "motions to strike under Rule 12(f) are 'disfavored' and rarely granted," commenting that "[m]otions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and harassing character." Investment Signals, LLC, v. Irrisoft, Inc., 2011 WL 3320525 at *1 n. 1 (D.N.H. Aug. 1, 2011). "Such motions should be granted only when it is beyond cavil that the defendant could not prevail on them."

1

Lexington Luminance, LLC v. TCL Multimedia Technology Holdings, Ltd., 2017 WL 3795769 at *7 (D. Mass. Aug. 30, 2017) (quotations omitted).

Fed.R.Civ.P. 8 (c) governs affirmative defenses, "merely requir(ing) a party to 'affirmatively state any avoidance or affirmative defense.'" Investment Signals at *1 (quoting Fed.R.Civ.P. 8 (c)). Thus, an affirmative defense is sufficient if it "provide(s) fair notice of the issue involved." Id. at *2. Contrary to the arguments set forth in the plaintiffs' Motion, "*Twombly* and *Iqbal* simply do not apply" to affirmative defenses. Id. at *2. As a leading treatise on the Federal Rules of Civil Procedure explains, "the plausibility standard [of the *Twombly* and *Iqbal* cases] only applies to the pleading of affirmative claims for relief, given that [*Twombly* and *Iqbal*] were interpreting the 'showing' language of Rule 8(a)(2)—language that does not appear in Rule 8 (b) or Rule 8 (c )—and given the different circumstances facing claimants (who have months or years to prepare their claims) compared with those facing respondents to claims (who typically have a few weeks to prepare a response)." 5C Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* §1381 (3d ed. 1998 & 2022 supp.).

Because the defendant's Statement of Affirmative Defenses gives the plaintiffs adequate notice of each defense raised, the Court should deny the plaintiffs' Motion to Strike in its entirety.

### **The Defendant Will Likely Qualify for Section 230 Immunity.**

Specifically, Mr. Kim has provided the plaintiffs fair notice that he will defend on grounds of 47 U.S.C. §230 immunity. 47 U.S.C. §230(c )(1) provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." Mr. Kim readily satisfies each of the three

(3) elements, entitling him to immunity under this statutory provision. Jane Doe No. 1 v. Backpage.com, LLC, 817 F.3d 12, 19 (1st Cir. 2016) (47 U.S.C. §230 (c)(1) "shields conduct if the defendant (1) is a provider or user of an interactive computer service; (2) the claim is based on information provided by another information content provider; and (3) the claim would treat the defendant as the publisher or speaker of that information.").

Mr. Kim satisfies the first prong of the test given that he made the statements at issue in this lawsuit as a Twitter user.

Mr. Kim meets the second element of the test because the plaintiffs' claims concern information provided by information content providers other than Mr. Kim—information that the plaintiff Cocchiarella has raped drunk unconscious women.[1] Mr. Kim has provided a sworn Declaration to this Court that the information that he posted about Mr. Cocchiarella came "entirely from posts authored by others that [Mr. Kim] read on social media." Defendant's Surreply Memorandum Opposing Plaintiff's Motion for Injunctive Relief at Ex. A.

The plaintiffs erroneously suggest in their Motion to Strike that section 230 immunity would somehow only shield persons who "retweeted" others' posts. Section 230 protections in fact extend much more broadly. Elliott v. Donegan, 469 F.Supp.3d 40 (E.D.N.Y. 2020) is instructive. In Elliott, the defendant allegedly created a shared Google spreadsheet called, "Shitty Media Men," that the defendant organized by NAME, AFFILIATION, ALLEGED MISCONDUCT and NOTES, including a header at the top of the list, "Men accused of physical sexual violence by multiple women are highlighted in red." Id. at 46. The defendant published the plaintiff's name on the list. Id. The defendant wrote, "rape allegations, sexual harassment" to describe ALLEGED MISCONDUCT by the plaintiff, highlighted the plaintiff's name in red to

---

[1] "[I]ndividual posters" on an Internet message board constitute "information content providers." Universal Communication Sys., Inc. v. Lycos, 478 F.3d 413, 419 (1st Cir. 2007).

denote that multiple women had accused him of physical sexual violence, and wrote under NOTES that multiple women had alleged misconduct. Id. The plaintiff sued the defendant for defamation, and the defendant invoked Section 230 immunity.

The Elliott court held that it could not determine whether Section 230 immunity applied at the motion to dismiss stage but held that "CDA immunity may prove to be a gating issue in the case." Id. at 61. The court determined that the fact question on which immunity hinged was whether the defendant "augmented the content generally" by repeating defamatory statements relayed to her by third parties—in which case immunity would apply—or whether the defendant materially contributed to the content's unlawfulness, in which case the defendant would lose immunity. Id. at 60 ("The key question in determining whether a defendant is liable for developing content is not whether she 'augmented the content generally' but whether she 'materially contributed to its alleged unlawfulness.'") (quotations omitted). The Court held that the defendant merely "provided neutral assistance or generally augmented the content," by stating that the plaintiff faced rape allegations, by stating that multiple women had accused him of misconduct, and by highlighting the plaintiff's entry in red to denote that multiple women had accused him of sexual violence. Id. at 60-61. The Court rejected the plaintiff's argument that any of the defendant's statements or highlighting materially contributed to the unlawfulness of the content so as to deprive the defendant of immunity. Id. at 61 ("Defendant's…text or highlighting does not bring her outside of the protection of the CDA.").

Elliott demonstrates that the defendant's efforts to circumvent Section 230 immunity should fail. Mr. Kim may have augmented the content provided by others, but Mr. Kim did not materially contribute to the content's unlawfulness by altering its substance, meaning or purpose. Id. at 61. Section 230 immunity ranges well beyond retweets, contrary to the plaintiffs'

4

insupportable contentions.  Because Mr. Kim only repeated information provided by other social media posters, he is entitled to the protections of Section 230 immunity.  The plaintiffs' wish that the Court strike this defense should not be granted.

Finally, Mr. Kim satisfies the third prong of the immunity test because the plaintiffs' claims treat him as the publisher of statements containing information provided by others—specifically that Mr. Cocchiarella had raped drunk unconscious women.  The plaintiffs repeatedly insist that "the content [at issue] was published by…[Mr.] Kim."  Motion to Strike at p. 11.

### **The Court Should Allow All Remaining Affirmative Because the Defendant Could Prevail On Any or All of Them.**

The remaining affirmative defenses that the plaintiffs improperly seek to strike concern facts that the plaintiffs steadfastly ignore but this Court cannot.  Mr. Kim is but one voice in a chorus of voices on the Internet alleging rape and sexual assault against the plaintiff Cocchiarella.  Exhibit A hereto consists entirely of tweets authored by social media posters <u>other than Mr. Kim</u> referencing rape and sexual assault allegations against Mr. Cocchiarella.  Some of these tweets call Mr. Cocchiarella a "serial rapist."  Yet, the plaintiffs seek in this lawsuit to lay all the blame on Mr. Kim for the damages the rape allegations have purportedly caused the plaintiffs.  The volume of tweets contained in Exhibit A—not to mention the media articles and original Librex posts in which Mr. Kim had no involvement attached to the defendant's Objection to Motion for Preliminary and Permanent Injunction—support that the plaintiffs would have suffered the same damages even if Mr. Kim had never lent his voice to the chorus crying out against Mr. Cocchiarella.  The defendant should be entitled to raise the defense that third parties caused the plaintiffs' damages, such that the Eighth and Ninth Affirmative Defenses should remain.

The Sixth Affirmative Defense should remain, for similar reasons. The libel proof plaintiff doctrine applies where: "the plaintiff engaged in criminal or anti-social behavior in the past, [and] his activities were widely reported to the public." Thomas v. Telegraph Publishing Co., 155 N.H. 314, 325 (2007). "The evidence on the nature of the conduct, the number of offenses, and the degree and range of publicity received must make it clear, as a matter of law, that the plaintiff's reputation could not have suffered from the publication of the false and libelous statement." Id.

Evidence in this case supports that the plaintiff Cocchiarella has engaged in anti-social behavior of a sexual nature, as reflected by the *NH Journal* article reporting that Dartmouth College issued "a letter warning Cocchiarella that he could be suspended for violating the school's Sexual and Gender-based Misconduct policy." Objection to Motion for Preliminary and Permanent Injunctive Relief at Exhibit E. The defendant has served a subpoena on the Trustees of Dartmouth College to obtain this letter and other evidence relating to sexual misconduct allegations against Mr. Cocchiarella. In addition to evidence that Mr. Cocchiarella has engaged in anti-social behavior of a sexual nature, media articles have widely reported the sexual assault allegations against him. Id. at Exhibits D, E and F. Given these facts, the Court should decline to find at this stage that the libel-proof plaintiff doctrine cannot possibly have merit.

Finally, no basis exists to strike the Fourth Affirmative Defense that Mr. Kim's statements are substantially true. *NH Journal* has already reported that Mr. Cocchiarella received a Dartmouth College letter of a disciplinary nature concerning sexual misconduct. Id. at Exhibit E. Social media posts authored by Mr. Cocchiarella's purported victims graphically accused him of rape. Id. at Exhibits A and B. A motion to strike should only be granted for a defense that cannot possibly avail the defendant. The plaintiffs have not shown this to be the

case for any of the defendant's affirmative defenses, including the affirmative defense of substantial truth.

**Conclusion**

The Court should deny the plaintiffs' Motion to Strike.

Respectfully submitted,<br>
NATHAN KIM<br>
By his attorneys,<br>
DOUGLAS, LEONARD & GARVEY, P.C.

Date: November 14, 2022   By:   /s/ Benjamin T. King
Benjamin T. King, NH Bar #12888
14 South Street, Suite 5
Concord, NH 03301
(603) 224-1988
benjamin@nhlawoffice.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically served through ECF to all counsel of record on this date.

/s/ Benjamin T. King
Benjamin T. King